# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LORETTA JEAN ALFORD,
Appellant,

v.

COMMITTEE FOR PURCHASE
  FROM PEOPLE WHO ARE BLIND
  AND SEVERELY DISABLED,
Agency.

DOCKET NUMBER
DC-1221-17-0554-W-1

DATE: April 18, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Loretta Jean Alford</u>, Dale City, Virginia, pro se.

<u>Floyd Allen Phaup, II</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of Board jurisdiction. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the administrative judge erred in finding that the retaliation claims that the appellant raised in her previous IRA appeal are barred under the doctrine of res judicata, we AFFIRM the initial decision.

## BACKGROUND

¶2      This is the appellant's third Board appeal. She previously filed an IRA appeal on July 15, 2013, alleging that the agency had reassigned her, issued her a letter of counseling, and subjected her to a hostile work environment and/or a significant change in her duties and working conditions in reprisal for filing a grievance regarding her request to telework. *Alford v. Committee for Purchase From People Who Are Blind and Severely Handicapped*, MSPB Docket No. DC-1221-13-6302-W-1, Initial Appeal File, Tab 1 at 10. On February 21, 2014, an administrative judge issued an initial decision that dismissed the appeal, finding that the appellant failed to make a nonfrivolous allegation of Board jurisdiction because her grievance did not involve remedying a violation of 5 U.S.C. § 2302(b)(8). *Alford v. Committee for Purchase From People Who Are Blind and Severely Handicapped*, MSPB Docket No. DC-1221-13-6302-W-1,

Initial Decision at 1, 3-4 (Feb. 21, 2014). The initial decision became the Board's final decision when neither party filed a petition for review.

¶3     On July 16, 2014, the appellant filed another Board appeal challenging her July 7, 2014 removal for misconduct and raising various affirmative defenses, including reprisal for whistleblowing disclosures and equal employment opportunity (EEO) activity. *Alford v. Committee for Purchase From People Who Are Blind and Severely Handicapped*, MSPB Docket No. DC-0752-14-0892-I-1, Initial Appeal File (Removal IAF), Tab 1. More specifically, the appellant alleged that the agency retaliated against her for the following activity: filing a complaint with the Inspector General (IG) for the General Services Administration (GSA) alleging that the agency's Chief of Staff had falsified timecards;[2] reporting violence in the workplace to the GSA IG in May 2014; filing a complaint with the Office of Special Counsel (OSC) in June 2014; and filing an EEO complaint on July 1, 2014, alleging discrimination by the Chief of Staff. Removal IAF, Tab 19 at 10 (prehearing conference summary).

¶4     On November 13, 2014, the administrative judge issued an initial decision affirming the removal and denying the appellant's affirmative defenses. *Alford v. Committee for Purchase From People Who Are Blind and Severely Handicapped*, MSPB Docket No. DC-0752-14-0892-I-1, Initial Decision (Nov. 13, 2014). The appellant filed a petition for review of the initial decision on March 16, 2016. *Alford v. Committee for Purchase From People Who Are Blind and Severely Handicapped*, MSPB Docket No. DC-0752-14-0892-I-1, Petition for Review File, Tab 4. The Board dismissed the petition for review as untimely filed without good cause shown in a final order dated August 19, 2016. *Alford v. Committee*

---

[2] As noted by the administrative judge in the initial decision affirming the appellant's removal, the appellant did not identify the date of her IG complaint. *Alford v. Committee for Purchase From People Who Are Blind and Severely Handicapped*, MSPB Docket No. DC-0752-14-0892-I-1, Initial Decision at 14 (Nov. 13, 2014).

*for Purchase From People Who Are Blind and Severely Handicapped*, MSPB Docket No. DC-0752-14-0892-I-1, Final Order (Aug. 19, 2016).

¶5    The appellant filed this IRA appeal on May 31, 2017. *Alford v. Committee for Purchase From People Who Are Blind and Severely Disabled*, MSPB Docket No. DC-1221-17-0554-W-1, Initial Appeal File (IAF), Tab 1. On the Board appeal form, the appellant identified the agency action that she was challenging as "PROHIBITED PERSONNEL PRACTICES" (capitalization as in original) and stated that the action occurred on July 7, 2014 (i.e., the date of her removal). *Id.* at 3. She also submitted copies of the proposal notice and decision letter regarding her removal, the Standard Form (SF) 50 documenting her removal, and letters from OSC dated May 25, 2017, stating that it had made a final determination to close its file on her complaint and advising her of her right to seek corrective action from the Board. *Id.* at 7-27.

¶6    In its closure letter, OSC noted that the appellant made the following allegations in her complaint: the agency processed several personnel actions in violation of its Memorandum of Understanding (MOU) with GSA, which provided that GSA would take over these responsibilities; several position descriptions were not certified by GSA Human Resources (HR) Specialists as required under the MOU, including her initial position and the position to which she was reassigned; and the agency denied the appellant the right to appeal a desk audit by failing to provide her with a written decision regarding the audit. *Id.* at 18. OSC explained that it examined these allegations as possible violations of 5 U.S.C. § 2302(b)(12), but determined that there was no basis for further inquiry. *Id.* at 19-20.

¶7    The administrative judge issued an order informing the parties of the jurisdictional issues and directing the appellant to submit evidence and argument to establish the Board's jurisdiction over her appeal. IAF, Tab 3. The appellant

filed a lengthy response, which consists largely of complaints about the agency and documents that have no bearing on the jurisdictional issue.[3] IAF, Tab 4. For example, the appellant asserted that she was hired and terminated on a "fictitious" position that was not classified by GSA HR, as required by the MOU. *Id.* at 3.

¶8    About 6 weeks later, the appellant submitted another Board appeal form and asserted that she was amending her appeal to include GSA as a party to the case. IAF, Tab 6. The appellant reiterated her claim that she "was hired on a non-certified position description" and alleged that the "GSA attorney failed to inform the courts of the conflict of interest in representing the [agency]." *Id.* at 5. With her amended appeal, the appellant again submitted copies of the notice of proposed removal, the decision letter sustaining the removal, and the SF-50 documenting her removal. *Id.* at 7-15.

¶9    The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 11. The agency argued that the appellant failed to make a nonfrivolous allegation of Board jurisdiction and that the appeal is barred under the doctrine of res judicata based on the Board's previous decision affirming the appellant's removal and rejecting her whistleblower reprisal claims. *Id.* at 5-6.

¶10    The administrative judge issued an initial decision dismissing the appeal for lack of Board jurisdiction without holding a hearing, finding that the appellant failed to make a nonfrivolous allegation of the Board's jurisdiction. IAF, Tab 18, Initial Decision (ID) at 1, 7-8. The administrative judge further found that the appellant's attempt to relitigate her 2014 removal is barred by the doctrine of res judicata. ID at 8. In addition, the administrative judge found that, to the extent

---

[3] As noted by the administrative judge in the initial decision, these documents include various SF-50s, position descriptions, vacancy announcements, the MOU referenced above, the appellant's résumé, certificates of awards she received, and several memoranda addressing a position review that she requested in July 2012. IAF, Tab 18, Initial Decision (ID) at 4.

that the appellant was attempting to challenge the same personnel actions that she raised in her first IRA appeal, such an attempt is also barred by res judicata.  *Id.*

¶11   The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has not responded to the petition.

## ANALYSIS

¶12   To establish the Board's jurisdiction over an IRA appeal, an appellant must have exhausted her administrative remedies before the OSC and make nonfrivolous allegations of the following:  (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).  5 U.S.C. §§ 1214(a)(3), 1221; *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).  The substantive requirements of exhaustion are met when an appellant has provided OSC with sufficient basis to pursue an investigation that might lead to corrective action.  *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10.

¶13   A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in her position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8).  *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 8 (2013).  The disclosure must be specific and detailed, not a vague allegation of wrongdoing regarding broad or imprecise matters.  *Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 13 (2006).  In other words, conclusory, vague, or unsupported allegations are insufficient to support a nonfrivolous allegation of jurisdiction in an IRA appeal.  *Ontivero v. Department of Homeland Security*, 117 M.S.P.R. 600, ¶ 15 (2012).

¶14    Applying this standard, the administrative judge found that the appellant did not articulate with specificity any allegations of whistleblowing followed by retaliatory personnel actions that she may have made to OSC. ID at 6. The administrative judge further found that the disjointed narrative of grievances that the appellant provided in her appeal and her jurisdictional response did not describe with specificity any protected whistleblowing disclosures or link any such disclosures to specific personnel actions threatened or taken against her. ID at 6-7. Therefore, the administrative judge found, the appellant failed to nonfrivolously allege a basis for the Board's jurisdiction over this matter as an IRA appeal. *Id.*

¶15    We agree. In her comprehensive jurisdictional order, the administrative judge explicitly directed the appellant to file a statement, accompanied by evidence, listing, *inter alia*, her protected disclosures or activities, and the actions the agency took or failed to take, or threatened to take or fail to take, against her because of those disclosures or activities. IAF, Tab 3 at 7. In her response, the appellant listed two emails as her protected disclosures: (1) a May 16, 2013 email to the GSA IG, GSA HR, and OSC; and (2) a June 4, 2013 email to the GSA IG. *Id.* at 4, 22-24, 67. In these emails, the appellant alleged that the agency hired her illegally because the position description for her initial position was not certified by an HR specialist.[4] *Id.* at 23, 67. Despite the administrative judge's explicit instructions, the appellant did not identify any alleged retaliatory actions by the agency in her response.

---

[4] Although the appellant's May 16, 2013 email also included allegations of theft and falsification of timecards by agency employees, the appellant's statements in her jurisdictional response as to why she believed that her disclosures were true and were contributing factors to the action, as well as the contents of her June 4, 2013 email, indicate that, at least for purposes of this appeal, the appellant deemed her protected disclosures to be her allegations in these emails pertaining to the agency's alleged illegal hiring process. IAF, Tab 4 at 4, 67. We cannot be certain, however, because the appellant did not describe her alleged protected disclosures with greater specificity.

¶16     Based on our review of the record, we discern no reason to disturb the administrative judge's finding that the appellant failed to make a nonfrivolous allegation of jurisdiction.  The gist of this appeal appears to be the appellant's contention that the agency's hiring process is illegal and violates the MOU between the agency and GSA.  IAF, Tab 1 at 5; Tab 4 at 3-4; Tab 6 at 5; Tab 7 at 5.  These claims provide no basis for the Board's jurisdiction over this matter as an IRA appeal.

**The administrative judge correctly found that the appellant's attempt to appeal her removal is barred by res judicata.**

¶17     As previously noted, the administrative judge also found that the appellant's attempt to appeal her 2014 removal[5] is barred by the doctrine of res judicata.  ID at 8.  Under that doctrine, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action.  *Inman v. Department of Veterans Affairs*, 115 M.S.P.R. 41, ¶ 13 (2010) (citing *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995)).  Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action and is applicable if:  (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases.  *Id.*  As a result of the Board's final decision in the appellant's removal appeal, these requirements have been met in this case.  Thus, the administrative judge correctly found that the appellant's attempt to appeal her removal is barred by res judicata.  ID at 8.

---

[5] The administrative judge concluded that the appellant appeared to be challenging her removal based on her submission of the notice of proposed removal and decision letter with her appeal and her amended appeal in this case.  ID at 7; IAF, Tabs 1, 6.

<u>The administrative judge erred in finding that the appellant's attempt to appeal the same actions that she challenged in her prior IRA appeal is barred by res judicata.</u>

¶18     As noted above, in her prior IRA appeal, the appellant alleged that the agency reassigned her, issued her a letter of counseling, and subjected her to a hostile work environment and/or a significant change in her duties and working conditions in retaliation for her protected activity. Although the appellant did not identify any alleged retaliatory personnel actions in her jurisdictional response in this appeal, OSC's May 25, 2017 letter informing the appellant of her right to seek corrective action from the Board states that she alleged that the agency took the following actions in retaliation for her protected activity: it issued her a letter of counseling, a letter of reprimand, and a letter of clarification; it reassigned her and subsequently removed her; it did not select her for three positions; and it failed to properly process her administrative grievance. IAF, Tab 1 at 26. The administrative judge found that, to the extent the appellant is attempting to appeal the same actions in this appeal that she challenged in her prior IRA appeal, such an attempt is also barred by res judicata. ID at 8.

¶19     The administrative judge erred in making this finding. The Board has held that res judicata is not applicable to a prior decision that dismissed an appeal for lack of jurisdiction. *Armas v. Department of Justice*, 71 M.S.P.R. 244, 248 (1996). As previously discussed, the appellant's prior IRA appeal was dismissed for lack of jurisdiction. This error does not provide a basis for review, however, because the administrative judge correctly found that the appellant failed to make a nonfrivolous allegation of Board jurisdiction in this IRA appeal. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

<u>The appellant's argument on review provides no basis for disturbing the initial decision.</u>

¶20    The appellant's sole argument on review is that the administrative judge improperly failed to address the following three matters:  (1) the agency's failure to provide her a hard copy of its response to this appeal; (2) the contents of her whistleblower disclosures; and (3) GSA's failure to provide her with an investigative report regarding her whistleblower complaints.  PFR File, Tab 1.

¶21    This argument is unavailing.  Although the initial decision does not include a discussion of the contents of the May 16 and June 4, 2013 emails that the appellant identified as protected disclosures in her jurisdictional response, it is well settled that the administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).  The other two matters cited by the appellant on review have no relevance to the jurisdictional issue, and the administrative judge's failure to address them provides no basis for disturbing the initial decision.[6]

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

[6] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals

review within **60 days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C.</u> <u>§ 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:       /s/ for
            Jennifer Everling
            Acting Clerk of the Board

Washington, D.C.